# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| GEORGIA FILM FUND FOUR, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DOES 1-61, | : | CIVIL ACTION NO. |
| Defendants, | : | 1:13-CV-1076-RWS |
| | : | |
| DOES 1-16, | : | CIVIL ACTION NO. |
| Defendants, | : | 1:13-CV-1078-RWS |
| | : | |
| DOES 1-100, | : | CIVIL ACTION NO. |
| Defendants, | : | 1:13-CV-1082-RWS |
| | : | |
| DOES 1-98, | : | CIVIL ACTION NO. |
| Defendants, | : | 1:13-CV-1086-RWS |
| | : | |
| DOES 1-73, | : | CIVIL ACTION NO. |
| Defendants, | : | 1:13-CV-1087-RWS |
| | : | |
| DOES 1-21, | : | CIVIL ACTION NO. |
| Defendants, | : | 1:13-CV-1098-RWS |
| | : | |
| DOES 1-11, | : | CIVIL ACTION NO. |
| Defendants, | : | 1:13-CV-1100-RWS |
| | : | |
| DOES 1-47, | : | CIVIL ACTION NO. |
| Defendants, | : | 1:13-CV-1101-RWS |
| | : | |
| DOES 1-13, | : | CIVIL ACTION NO. |
| Defendants, | : | 1:13-CV-1102-RWS |

DOES 1-43,                                   :        CIVIL ACTION NO.
          Defendants.                        :        1:13-CV-1103-RWS

## ORDER

Plaintiff brings these actions under the Copyright Act against anonymous

Defendants identified only by their internet protocol ("IP") addresses.  Plaintiff

alleges that each John Doe Defendant infringed on its copyright in the work at

issue by sharing it on the BitTorrent internet peer-to-peer file sharing protocol.

Plaintiff alleges that the John Doe Defendants acted collectively and

interdependently, via the Internet, to unlawfully reproduce and distribute

Plaintiff's copyrighted film.  According to Plaintiff, each case shares a common

question of law and fact, and thus joining all the unknown defendants into their

respective cases is proper.  The Court disagrees, and for the reasons set forth

below, severs all but the first John Doe Defendant in each of the above-

captioned cases, dismissing without prejudice the claims against the severed

defendants.

Federal Rule of Civil Procedure 20(a)(2), which governs permissive

joinder of parties, states:

> Persons . . . may be joined in one action as defendants if: (A) any
> right to relief is asserted against them jointly, severally, or in the

2

alternative with respect to or rising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

"The court may issue orders-including an order for separate trials-to protect a party against embarrassment, delay, expense, or other prejudice . . . ." Fed. R. Civ. P. 20(b).  Finally, the court may add or drop a party "on just terms" or sever any claim against a party without a motion by a party.  Fed. R. Civ. P. 21.

This case is part of an "outbreak of similar litigation . . . around the country," in which copyright holders have attempted to assert claims against multiple unknown defendants by joining them, in often large numbers, into a single action.  See On The Cheap, LLC v. Does 1-5011, 280 F.R.D. 500, 502 (N.D. Cal. 2011).  Plaintiffs in these cases argue that when each Defendant is one of many users simultaneously uploading and downloading a protected work, the defendant acts as part of a "swarm" in a series of transactions involving shared, overlapping facts.  This practice is known as "swarm joinder," and it is the joinder theory relied upon by Plaintiff in this action. The swarm joinder theory has been considered by various district courts, many of which have rejected it.  See On the Cheap, 280 F.R.D. at 502-03 (collecting

3

cases); MCGIP, LLC v. Does 1-149, No. 4:11-CV-2331-LB, 2011 WL 3607666, at *3 (N.D. Cal. Aug. 15, 2011).  But see Patrick Collins, Inc. v. Does 1-2,590, No. 3:11-CV-2766-MEJ, 2011 WL 4407172, at *4-7 (N.D. Cal. Sept. 22, 2011) (reaching opposite conclusion).  Downloading a work as part of a swarm does not constitute "acting in concert" with one another, particularly when the transactions happen over a long period.  See, e.g., Hard Drive Prods., Inc. v. Does 1-188, 809 F. Supp. 2d 1150, 1163 (N.D. Cal. 2011). ("In fact, the nearly six week span covering the activity associated with each of the addresses calls into question whether there was ever common activity linking the 51 addresses in this case.").

Defendants alleged to have participated in "swarm" infringing often have different and divergent defenses  to the copyright violation claims and to allow them to be asserted in a single case would defeat, not enhance, judicial economy.  See CP Prods, Inc. v. Does 1 300, No. 1:10-CV-6255, 2011 WL 737761, at *1 (N.D. Ill. Feb. 24, 2011) ("No predicate has been shown for thus combining 300 separate actions on the cheap-if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.").

4

The Court finds that Plaintiff has not adequately alleged that Defendants were engaged in a common series of transactions as required by Rule 20, and joinder is not proper.  In light of this and the variety of defenses likely to be raised, the Court further determines that joinder would not result in judicial economy and thus exercises its discretion to sever the claims against each defendant.

For the foregoing reasons, the Court SEVERS the following Defendants from their respective actions and DISMISSES WITHOUT PREJUDICE the claims against them:

(1)     John Does 2-61 in Civil Action No. 1:13-CV-1076-RWS;

(2)     John Does 2-16 in Civil Action No. 1:13-CV-1078-RWS;

(3)     John Does 2-100 in Civil Action No. 1:13-CV-1082-RWS;

(4)     John Does 2-98 in Civil Action No. 1:13-CV-1086-RWS;

(5)     John Does 2-73 in Civil Action No. 1:13-CV-1087-RWS;

(6)     John Does 2-21 in Civil Action No. 1:13-CV-1098-RWS;

(7)     John Does 2-11 in Civil Action No. 1:13-CV-1100-RWS;

(8)     John Does 2-47 in Civil Action No. 1:13-CV-1101-RWS;

(9)     John Does 2-13 in Civil Action No. 1:13-CV-1102-RWS; and

AO 72A
(Rev.8/82)

(10)   John Does 2-43 in Civil Action No. 1:13-CV-1103-RWS.

Plaintiff is DIRECTED to designate any actions filed against the severed Defendants as "related" to the action from which such Defendants were severed, if Plaintiff alleges claims similar to those in the complaints filed here.

**SO ORDERED**, this   19th   day of July, 2013.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

6